# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-31157
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 8, 2014

Lyle W. Cayce
Clerk

FREDERICK H. BROWN,

Plaintiff–Appellant

v.

BOARD OF COMMISSIONERS OF THE PORT OF NEW ORLEANS,

Defendant–Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:10-CV-4564

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:*

Plaintiff Frederick H. Brown, proceeding *pro se*, timely appeals the district court's dismissal of his Title VII retaliatory termination claim.[1] Brown alleged that defendant Board of Commissions of the Port of New Orleans ("Port") unlawfully terminated him in retaliation for his filing of EEOC complaints.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] By joint stipulation of the parties, all claims by plaintiff other than his claim of retaliatory termination under Title VII were dismissed with prejudice. R. 325.

No. 13-31157

On defendant's motion for summary judgment, the district court dismissed plaintiff's Title VII retaliation claim.  The parties agreed that there was no direct evidence of retaliatory termination, and the district court analyzed the claim under the *McDonnell-Douglas*[2] burden shifting framework. Applying this framework,[3] the district court held (i) that Brown failed to establish the prima facie case because he could not prove that a causal connection exists between his protected activity and his termination, and (ii) that Brown failed to offer any evidence that the Port's given reason for his termination is pretextual.

On appeal, Brown argues that the district court erred in granting defendant's motion for summary judgment.  He argues that his termination was the direct result of his filing in EEOC complaint three years prior, and he argues that *Faragher*[4] and *Ellerth*[5] provide for strict liability.

On de novo review, we agree with the district court.  There is no record evidence to establish that a "causal connection exists between the protected activity and the adverse employment action."[6]  Moreover, Brown's reliance on *Faragher* and *Ellerth* are misplaced; those cases apply to supervisor liability in Title VII harassment claims, not Title VII retaliation claims.  Because Brown failed to establish the prima facie case under the *McDonnell-Douglas* burden shifting framework, the district court correctly granted summary judgment to the Port.

---

[2] 411 U.S. 792 (1973).

[3] "To establish a prima facie case of retaliation, the plaintiff must establish that: (1) her participated in an activity protected by Title VII; (2) his employer took an adverse employment action against him; and (3) a causal connection exists between the protected activity and the adverse employment action."  *McCoy v. City of Shreveport*, 492 F.3d 551, 556–57 (5th Cir. 2007) (citing *Banks v. E. Baton Rouge Parish Sch. Bd.*, 320 F.3d 570, 575 (5th Cir. 2003)).

[4] *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998).

[5] *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998).

[6] *McCoy*, 492 F.3d at 557.

No. 13-31157

We AFFIRM.